UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CIVIL ACTION NO. 08-178-DLB

JOHNNY S. PARKS                                                                                          PLAINTIFF

vs.                          **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE, Commissioner
SOCIAL SECURITY ADMINISTRATION                                                       DEFENDANT

\*    \*    \*    \*    \*    \*    \*

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record and the parties' dispositive motions, will affirm the Commissioner's decision, as it is supported by substantial evidence.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Johnny Parks filed applications for disability insurance benefits (DIB) and supplemental security income (SSI) payments on June 21, 2005. (Tr. 17, 58-61). At the time of filing, Plaintiff was 53 years old and alleged a disability onset date of March 31, 2005. (Tr. 17, 56). He asserts he is disabled due to congestive heart failure, atherosclerotic cardiovascular disease with myocardial infarction, status post single vessel bypass surgery, carpal tunnel syndrome, osteoarthritis, and anxiety and depression with memory deficits. (Tr. 76, 92, 386-404). His application was denied initially and on reconsideration. (Tr. 44-47, 69-71). At Plaintiff's request, an administrative hearing was conducted on April 26, 2007, by Administrative Law Judge

(ALJ) Frank Letchworth (Tr. 373-409). On July 25, 2007, the ALJ ruled that Plaintiff was not disabled prior to February 13, 2007, but became disabled on that date and has continued to be disabled through the date of his decision. (Tr. 17-24). This decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on April 9, 2008. (Tr. 8-10).

On June 6, 2008, Plaintiff filed the instant action. (Doc. #1). The matter has culminated in cross-motions for summary judgment, which are now ripe for adjudication. (Docs. #6, 7).

## II.   DISCUSSION

### A.   Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). Moreover, even if there is evidence favoring Plaintiff's side, the Commissioner's findings must be affirmed if supported by substantial evidence. *Listenbee v. Sec'y of Health & Human Servs.*, 846 F.2d 345, 349 (6th Cir. 1988). Similarly, an administrative decision is not subject to reversal merely

because substantial evidence would have supported the opposite conclusion. *Smith v. Chater*, 99 F.3d 780, 781 (6th Cir. 1996).

The ALJ, in determining disability, conducts a five-step analysis. Step 1 considers whether the claimant is still performing substantial gainful activity; Step 2, whether any of the claimant's impairments, alone or in combination, are "severe"; Step3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the claimant can still perform his past relevant work; and Step 5, whether significant numbers of other jobs exist in the national economy which the claimant can perform. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

**B.    The ALJ's Determination**

At Step 1, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged onset date of disability. (Tr. 19). At Step 2, the ALJ determined Plaintiff's coronary artery disease (status post bypass surgery and stent placement), carpal tunnel syndrome, osteoarthritis, and adjustment disorder (secondary to medical condition) to be "severe" within the meaning of the regulations. (Tr. 19-20). At Step 3, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 20).

At Step 4, the ALJ found that Plaintiff retains the residual functional capacity (RFC) to perform a limited range of light, unskilled work that allows a sit/stand option every thirty minutes. (Tr. 20). Specifically, the ALJ found that Plaintiff can "climb ramps and stairs on an occasional basis," but cannot "climb ladders, ropes or scaffolds [or]

3

crawl," and "should avoid balancing, crouching, temperature and humidity extremes and hazardous reaching." (Tr. 20). In addition, the ALJ noted that Plaintiff "can perform no more than frequent reaching, handling or fine manipulation with the upper extremities," and limited him to "work that involves no more than simple instructions." (Tr. 20).

Based upon these findings, the ALJ determined that Plaintiff's exertional and non-exertional limitations prevented him from performing his past work as a truck driver and coal miner. (Tr. 22-23). At Step 5, the ALJ considered Plaintiff's age, education, work experience, and RFC in conjunction with the Medical-Vocational Guidelines and testimony by a vocational expert (VE) to conclude that prior to February 13, 2007 (Plaintiff's 55th birthday), there existed a significant number of jobs in the national economy Plaintiff could perform despite his limitations, such as production laborer, hand packer, and production inspector. (Tr. 23-24). Consequently, the ALJ found that, prior to February 13, 2007, Plaintiff had not been under a disability as defined by the Social Security Act. (Tr. 23-24).

However, that once Plaintiff attained 55 years of age, his age category changed from an individual closely approaching advanced age to a person of advanced age. (Tr. 23). Considering the Plaintiff's new age category, education, work experience, and RFC, the ALJ found that a finding of "disabled" was reached by direct application of Medical-Vocational Rule 202.06. (Tr. 24). The ALJ held, therefore, that Plaintiff became disabled on February 13, 2007, and continued to be disabled through the date of ALJ's written decision. (Tr. 24).

4

**C.     Analysis**

Plaintiff advances three arguments on appeal.  First, Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence because the ALJ rejected, without proper explanation, the opinions of treating physicians Drs. Harville and Doiron.  Second, Plaintiff contends that the ALJ erred by failing to consider whether Plaintiff would be entitled to benefits under 20 C.F.R §§ 404.1562, 416.962.  Third, Plaintiff asserts that the ALJ improperly relied upon testimony from the vocational expert, because the hypothetical question posed by the ALJ did not accurately describe Plaintiff's functional limitations.  Each of these arguments will be addressed in turn.

**1.     The ALJ Did Not Improperly Reject the Opinions of Drs. Doiron and Harville**

Plaintiff contends that the ALJ improperly rejected the opinions of Plaintiff's treating physicians, Drs. Doiron and Harville, which Plaintiff claims establish that he was totally disabled due to chest pain prior to February 15, 2007.  Further, Plaintiff asserts that under 20 C.F.R §§ 404.1527, 416.927, the ALJ was required to articulate "good reasons" why those opinions were rejected.

Plaintiff's argument fails because the ALJ did not reject the opinions of Drs. Doiron and Harville; on the contrary, he discussed their findings in his decision, and based his finding that Plaintiff retained the capacity to perform only light - as opposed to medium work - on their opinions.  (Tr. 22) ("I . . . find he is limited to light exertion, based on his testimony and the prior opinions of treating physicians.").  The ALJ's opinion does not indicate that he failed to give the opinions of Plaintiff's treating physicians "controlling weight;" rather, the ALJ found nothing in Dr. Doiron or Dr. Harville's opinions to be inconsistent with Plaintiff being able to perform a limited range of light work.  *See*

5

*Miller v. Sec'y of Health & Human Servs.*, No. 87-4131, 1989 WL 2125 at *2 (6th Cir. Jan. 13, 1989). As a result, the ALJ was not required to articulate the weight he gave to the opinions of Plaintiff's treating physicians, or the rationale behind that decision. *Cf.* 20 C.F.R. §§ 404.1527, 416.927 ("When we *do not* give the treating source's opinion controlling weight, we apply the factors listed [below] . . . in determining the weight to give the opinion. We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.").

Contrary to Plaintiff's assertions, however, neither Dr. Doiron nor Dr. Harville stated that Plaintiff was "totally disabled," or opined that Plaintiff suffered from an impairment that had lasted or was expected to last for a continuous period of at least 12 months, and that precluded Plaintiff from engaging in any substantial gainful activity - both past work and other jobs. *See* 20 C.F.R. §§ 404.1505, 404.1509, 416.905, 416.909. Dr. Harville's June 27, 2005 letter states only that he cautioned Plaintiff "to avoid lifting anything heavier than 15 pounds for the first three months after his [April 2005 bypass] surgery." (Tr. 231). Dr. Harville's opinion places no other restrictions on Plaintiff's activity and even notes that "Mr. Parks is doing extremely well and his activity level is progressing appropriately." (Tr. 231). Due to the short duration - three months - of the functional limitation assessed by Dr. Harville, his opinion does not establish that, immediately following his bypass surgery, Plaintiff was "disabled" as defined by the Social Security Act.

Similarly, Dr. Doiron's opinions fail to establish that Plaintiff's chest pain precluded him from performing *any* substantial gainful activity for at least twelve consecutive months following his by cardiac surgery. On November 2, 2005, Dr. Doiron

6

noted that Plaintiff continued to experience chest pain and had attempted unsuccessfully to return to work following his surgery. In light of these facts, Dr. Doiron opined that Plaintiff "will not be able to work for an indeterminate amount of time until we ascertain the exact etiology of [his] problems." (Tr. 257). While Dr. Doiron's opinions establish that Plaintiff was unable to return to his past work - in June 2005 Plaintiff attempted to return to work at a coal company - those opinions do not offer any insight into whether Plaintiff was precluded from performing all other work available in the national economy. Therefore, Dr. Doiron's opinions cannot establish that Plaintiff was "disabled" under the Social Security regulations prior to February 13, 2007. *See* 20 C.F.R. §§ 404.1505, 416.909 ("To meet this definition, you must have a severe impairment(s) that makes you unable to do your past relevant work or any other substantial gainful work that exists in the national economy.").

The ALJ correctly concluded that the opinions of Plaintiff's treating sources did not establish that Plaintiff was disabled prior to February 13, 2007: "No treating source has described the claimant as unable to perform even light exertion for at least 12 months prior to his 55th birthday." (Tr. 22). Thus, as it cannot be said that he improperly rejected the opinions of Drs. Doiron and Harville, this Court concludes that the RFC articulated by the ALJ is supported by substantial evidence.

### 2. The ALJ Did Not Err in Failing to Consider Whether Plaintiff Was Entitled to Benefits Under 20 C.F.R §§ 404.1562, 416.962

Plaintiff second argument on appeal is that the ALJ erred in failing to evaluate Plaintiff's claim under 20 C.F.R. §§ 404.1562, 416.962. Specifically, Plaintiff argues that because Plaintiff's work history included over 35 years of arduous labor, the ALJ was

required to apply sections 404.1562 and 416.962 to Plaintiff's claim prior to consulting the Medical-Vocational guidelines.

Plaintiff's reliance upon these regulations is misplaced. Because the ALJ found Plaintiff to have at least a high school education, and Plaintiff's past relevant work was semi-skilled and skilled, section 404.1562 and 416.962 do not apply. The regulations state in relevant part:

> If you have no more than a *marginal education* and work experience of 35 years or more during which you did *only* arduous *unskilled* physical labor, and you are not working and are no longer able to do this kind of work because of a severe impairment(s), we will consider you unable to do lighter work, and therefore, disabled.

20 C.F.R. §§ 404.1562, 416.962 (emphasis added). These regulations make clear that, because the ALJ found Plaintiff to possess at least a high school education, and to have performed skilled and semi-skilled work in the past, Plaintiff could not be considered disabled under sections 404.1562 and 416.962. Therefore, the ALJ did not err in evaluating Plaintiff's claim without reference to those regulations.

### 3. The Hypothetical Posed by the ALJ Accurately Described Plaintiff's Exertional and Non-Exertional Limitations

Finally, Plaintiff contends that the hypothetical question posed to the Vocational Expert by the ALJ was inadequate because it failed to incorporate all of the limitations assessed by Plaintiff's physicians. Specifically, Plaintiff argues that the hypothetical posed to the Vocational Expert should have included the limited endurance and clinical signs of carpal tunnel syndrome assessed by Dr. Wortz, and the long-term memory deficits and difficulty with social interaction found by Dr. Spangler.

To meet his burden at Step 5 of the sequential evaluation, the Commissioner must make a finding "'supported by substantial evidence that [Plaintiff] has the

8

vocational qualifications to perform specific jobs.'"  *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987) (quoting *O'Banner v. Sec'y of Health, Educ. & Welfare*, 587 F.2d 321, 323 (6th Cir. 1978)).  This type of "[s]ubstantial evidence may be produced through reliance on the testimony of a vocational expert in response to a 'hypothetical' question, but only 'if the question accurately portray's [Plaintiff's] individual physical and mental impairments.'"  *Varley*, 820 F.2d at 779 (quoting *Podedworny v. Harris*, 745 F.2d 210, 218 (3d Cir. 1984)).

Although the ALJ did not describe Plaintiff's limitations using the exact same language as Plaintiff's physicians, the hypothetical posed to the Vocational Expert nevertheless included all of the credible exertional and non-exertional limitations assessed by Plaintiff's physicians.  The ALJ posed the following hypothetical:

> [A]ssume the claimant is capable of performing a range of light exertion. Assume he would be capable of sitting or standing, each 30 minutes at a time uninterrupted before having to change positions.  No climbing of ladders, ropes, or scaffolds.  No crawling.  No more than occasional bending or stooping or crouching or balancing.  No work at unprotected heights, around hazardous machinery, in temperature extremes . . . .  No excessive levels of humidity.  No more than frequent reaching, handling, or fine manipulation with the upper extremities.  No more than simple instructions.

(Tr. 405).  The limitations regarding endurance and carpal tunnel syndrome assessed by Dr. Wortz are accommodated in the hypothetical by the 30 minute sit/stand option and the restriction to "[n]o more than frequent reaching, handling, or fine manipulation with the upper extremities."  Similarly, the memory deficits found by Dr. Spangler are included in the hypothetical's restriction to jobs requiring "[n]o more than simple instructions."

Although the ALJ did not include in the hypothetical Dr. Spangler's limitation on social interaction, that omission does not constitute reversible error. Dr. Spangler's report does not show that Plaintiff's ability to interact with others is significantly impaired. Dr. Spangler opined only that Plaintiff's "social interaction is limited due to an adjustment disorder with anxious mood, mild. His ability to adapt is not significantly impaired," and noted that during the examination Plaintiff was "pleasant and forthcoming." (Tr. 234-36). Therefore, as Dr. Spangler found only that Plaintiff had mild anxiety, substantial evidence supports the ALJ's decision not to include a limitation on social interaction in his hypothetical to the vocational expert. *See Delgado v. Comm'r of Soc. Sec.*, 30 F. App'x 542, 548 (6th Cir. 2002) (The hypothetical "need only include the alleged limitations of the claimant that the ALJ accepts a credible and that are supported by the evidence.").

Although the hypothetical posed to the Vocational Expert did not include all of Dr. Spangler's proposed limitations, the hypothetical nevertheless accurately portrayed the impairments assessed by Plaintiff's physicians; therefore, the testimony of the Vocational Expert constituted substantial evidence supporting the Commissioner's conclusion that Plaintiff can perform work that is available in the national economy.

### III.   CONCLUSION

The record contains substantial evidence supporting the ALJ's determination of Plaintiff's RFC, and his ultimate finding that Plaintiff was not disabled prior to February 13, 2007. Accordingly, for the reasons stated herein,

**IT IS ORDERED** as follows:

1. The decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED**;

2. Plaintiff's Motion for Summary Judgment (Doc. #6) is hereby **DENIED**;

3. Defendant's Motion for Summary Judgment (Doc. #7) is hereby **GRANTED**;

4. A Judgment affirming this matter will be entered contemporaneously herewith.

This 30th day of September, 2009.

Signed By:
*David L. Bunning*  DB
United States District Judge

G:\DATA\SocialSecurity\MOOs\6-08-178-ParksMOO.wpd